UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alex Peterson,                                    Civ. No. 12-458 (PAM/JJK)

     Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

J.N. O'Shea & Associates,
and William Larken,

---

  This matter is before the Court on Plaintiff's Motion for Default Judgment. Plaintiff seeks a default against Defendant J.N. O'Shea & Associates. In addition, Plaintiff seeks statutory damages of $1,000, actual damages of $5,000, and attorney's fees and costs of $7,470.40.

  As an initial matter, on July 11, 2012, Magistrate Judge Keyes directed Plaintiff to promptly file proof of service on both Defendants in this matter, and further required that Plaintiff file an application for default against those Defendants if Defendants failed to file a responsive pleading within the time provided by the Rules. (Docket No. 7.) Plaintiff filed proof that he served Defendant J.N. O'Shea & Associates (Docket No. 8) but has not filed any proof that Defendant William Larken was ever served in this matter. Plaintiff's claims against Defendant Larken will therefore be dismissed for lack of prosecution.

  Defendant J.N. O'Shea has not filed any responsive pleading in this matter. The company's president, Kerry O'Shea, sent a letter to the Court in March 2012, detailing his unsuccessful attempts to settle the litigation and asking the Court to be "lenient on the default judgment." (Docket No. 2 at 1.) While the Court is sympathetic to the plight of a company

faced with the costs of defending a lawsuit, this does not excuse the company's failure to respond in any substantive way to Plaintiff's claims. A default judgment is therefore appropriate.

Plaintiff seeks the maximum statutory damage amount of $1,000. The allegations in the Complaint do not, however, warrant such a high amount of statutory damages. Indeed, it is debatable whether the allegations in the Complaint in fact state a claim under the FDCPA at all. Plaintiff is entitled to statutory damages of $500.

Plaintiff also seeks $5,000 in actual damages. Although his memorandum specifically recognizes that an award of actual damages may not be based solely on the averments in the Complaint (Pl.'s Supp. Mem. (Docket No. 15) at 9), he has submitted no additional evidence to support his claim to have been "traumatized and suffered anxiety, and nervousness as a result of Defendant's actions." (Id. at 10.) Absent some evidence to support his claimed actual damages, the Court will not award any actual damages.

Finally, Plaintiff seeks attorney's fees and costs of $7,470.40. This amount includes $7,007.99 in attorney's fees and $462.41 in costs. However, the amount of attorney's fees Plaintiff claims are patently unreasonable. Plaintiff claims that attorney Tommy Lyons spent more than 14 hours on this case. But Mr. Lyons did not draft the Complaint; his associate Andrea Weber did that, in a single hour. Nor did Mr. Lyons draft the Motion for Default. Again, Ms. Weber drafted that Motion in an hour. Mr. Lyons proactively billed 2.5 hours (at $375 per hour) for his appearance at the default hearing, but he did not appear at that hearing. It is difficult to determine from the billing records what exactly Mr. Lyons's role

in the lawsuit was. Ms. Weber, who appears to have performed the only substantive work in the case, spent less than four hours doing so.

This lawsuit's allegations are thin, the Complaint is boilerplate, and there was no discovery or any motion practice save the default judgment. And even that motion was forthcoming only after Magistrate Judge Keyes insisted that Plaintiff file applications for default. Plaintiff is clearly not entitled to the full amount of attorney's fees he seeks: both the number of hours expended and the billable rate for Plaintiff's lawyers are far too high. Plaintiff is entitled to attorney's fees of $1,000.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's claims against Defendant William Larken are **DISMISSED for lack of prosecution**;

2. Plaintiff's Motion for Default Judgment against Defendant J.N. O'Shea & Associates (Docket No. 13) is **GRANTED**; and

3. Plaintiff is entitled to recover from Defendant J.N. O'Shea & Associates $500 in statutory damages, $462.41 in costs, and $1,000 in attorney's fees, for a total of $1,962.41.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 18, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge